UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GREGORY BROWN,

                Plaintiff,

        - against -

TEAMSTERS LOCAL 804,

                Defendant.
------------------------------------------------------------------x

**MEMORANDUM & ORDER**

10 CV 4806 (RJD) (LB)

DEARIE, District Judge.

On January 12, 2012, this Court granted defendant's motion to dismiss plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA") because the exhibits attached to plaintiff's complaint demonstrated that he had not timely exhausted his administrative remedies as required under the statutes. See Brown v. Teamsters Local 804, No. 10 CV 4806(RJD)(LB), 2012 WL 112870 (E.D.N.Y. Jan. 12, 2012) ("Brown I"). Plaintiff, however, was granted leave to reopen, subject to the following instructions:

> Plaintiff does not offer the single document – the August 2008 EEOC charge – that might refute the otherwise clear indication that he did not timely exhaust his administrative remedies. Within forty-five (45) days of the date on this Memorandum and Order, plaintiff may provide the Court with a copy of the EEOC charge and all supporting documents, which the Court will then evaluate. If plaintiff fails to submit a copy of the charge, or if the documentation submitted by plaintiff confirms that his claims are untimely, then the action will be dismissed with prejudice.

Id. at *8. Plaintiff promptly complied with these instructions and submitted a copy of the August 18, 2008 EEOC charge to the Court. See ECF Docket # 14 ("EEOC Charge").

Based upon the contents of the EEOC charge, plaintiff has demonstrated that he has properly exhausted his remedies under Title VII and defendant's motion to dismiss this claim on grounds of exhaustion is, therefore, DENIED. Moreover, because plaintiff has adequately

alleged a claim against defendant for discrimination under Title VII, defendant's motion to dismiss for failure to state a claim upon which relief can be granted is also DENIED. Because the EEOC charge demonstrates that plaintiff failed to exhaust his remedies under the ADA, however, defendant's motion to dismiss plaintiff's ADA claim is GRANTED.

## I. DISCUSSION

The parties' familiarity with the underlying factual bases and reasoning of Brown I is assumed.

A. Title VII

1. Plaintiff's Title VII Claim is Not Time-Barred

As explained in Brown I, as a prerequisite to filing a Title VII claim in New York, an employee must submit a charge to the EEOC "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); see Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 326-28 (2d Cir. 1999). Plaintiff submitted an EEOC charge on August 18, 2008. Thus, only events that occurred on or after October 23, 2007 are actionable under Title VII.

Based upon the record before the Court in Brown I, this Court held: "Plaintiff cannot bring suit under Title VII for events occurring in 2008 because he did not allege such discrimination in his EEOC charge. . . . The last two dates on which the Union allegedly discriminated against plaintiff – February 11, 2008 and May 7, 2008 – are dates on which TVW sent plaintiff letters relating to his medical leave and termination. Based on plaintiff's submissions, it is unlikely, *though uncertain given the actual EEOC charge's absence from the record*, that he raised substantive allegations with the EEOC regarding these events." Brown I, at *4 (emphasis added). The EEOC charge now submitted by plaintiff, however, reveals that

2

plaintiff did adequately and timely "raise[] substantive allegations with the EEOC regarding" plaintiff's February 2008 denied request for an extension of medical leave from work and May 2008 termination. Id.

The EEOC charge states, in pertinent part:

> The information I am sending you are discriminating statements and untrue write-ups *used to terminate my employment* with [my employer]. My union . . . worked and agreed with management and did nothing to defend any of the charges against me. . . . When I complained about the work and complaints management began to write me up on many occasions. The union did nothing. They did nothing on the *termination pay*, disability, *unemployment laws*, nondiscrimination laws and *leave of absent* [sic] *laws*. My union did not represent me because the [sic] color of my skin, culture and national origin.

EEOC Charge at 1-2 (emphasis added). The Charge demonstrates that plaintiff did raise and allege discriminatory conduct by the Union taking place within the three hundred day exhaustion window to the EEOC with regard to his denied request for extended leave of absence, his termination, and the causal predicates for his ultimate termination. See Mathirampuzha v. Potter, 548 F.3d 70, 76 (2d Cir. 2008) ("The [exhaustion] focus should be on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving.").

Although plaintiff need not avail himself of the "loose pleading" exhaustion exception because his claims were actually raised in the EEOC charge itself, it is nonetheless clear that the conduct now complained of – discriminatory "failure to represent" regarding leave and termination – "fall[s] within the scope of the EEOC investigation which c[ould] reasonably be expected to grow out of the charge of discrimination." Butts v. City of New York Dept. of Housing Preservation and Devel., 990 F.2d 1397, 1402 (2d Cir. 1993), superseded on other grounds by statute, Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (2001) (internal quotations and citations omitted). In other words, "it is reasonable to conclude that Plaintiff gave the EEOC notice of these incidents." Id.

3

Accordingly, defendant's motion to dismiss plaintiff's Title VII claims on grounds of exhaustion must be DENIED.

2. Plaintiff Has Sufficiently Pled a Title VII Claim Against the Union

Reaching the merits of plaintiff's Title VII claim and liberally construing his *pro se* complaint, I cannot conclude at this early stage in the proceeding that plaintiff "can prove no set of facts in support of [the] claim[] which would entitle [him] to relief." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Bearing in mind that plaintiff's complaint – now supplemented with his EEOC charge – is "deemed to include any written instrument attached to it as an exhibit, or any statements or documents incorporated in it by reference," Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991), plaintiff has adequately pled a cause of action under Title VII. See Gregory, at 691 ("[W]e treat [plaintiff]'s allegations in the affidavit she submitted to the EEOC as an integral part of her pleadings.").

Discrimination by unions is prohibited by Title VII, which makes it "an unlawful employment practice for a labor organization . . . to exclude or to expel from its membership, or otherwise discriminate against, any individual because of his race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(c)(1); see Yerdon v. Henry, 91 F.3d 370, 375 (2d Cir. 1996) (holding labor union liable under Title VII). A Title VII claim brought against a union, however, is evaluated differently than such a claim against an employer. First, plaintiff must show that "the Union breached its duty of fair representation to him." Oparji v. United Fed'n. of Teachers, 418 F.Supp.2d 139, 147 (E.D.N.Y. 2006) (Gershon, J.). A union breaches its duty of fair representation "when its conduct toward a member . . . is arbitrary, discriminatory, or in bad faith," Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998), and when the alleged

4

misconduct causes the plaintiff's injury. Spellacy v. Airline Pilots Assoc.-Int'l., 156 F.3d 120, 130 (2d Cir. 1998). Second, once a plaintiff has established a breach of the duty of fair representation, plaintiff "must show some indication that the union's actions were motivated by unlawful discrimination or retaliation." Oparji, at 146.

First, plaintiff's allegations are sufficient to raise a plausible inference of a breach of the duty of fair representation. Plaintiff alleges that on at least six occasions – including two within the exhaustion period – the Union failed to represent him "because of the color [his] skin, culture and national origin." EEOC Charge at 2. Plaintiff sets forth specific instances when the union treated light-skinned Latino personnel differently than African Americans[1] or darker skinned Latinos, by failing to represent Union members who were not light-skinned Latino's or even respond to their complaints. EEOC Charge at 1-2. Plaintiff also alleges that his union "worked and agreed with [the] management" of his employer, TVW, which plaintiff in turn alleges treated Latino personnel preferentially both in terms of work load, promotions, and hiring practices. Id. Plaintiff alleges that "during the 18 year period of [his] employment" he had received "many awards for [his] work," which at least raises the possibility that unfavorable treatment on the part of the Union was unrelated to the quality of plaintiff's work. As to causation, plaintiff specifically alleges that the "discriminating statements and untrue write-ups," against which the Union "did nothing to defend," resulted in his "terminat[ion] . . . with TVW." EEOC Charge at 1. In addition to termination, the Union also allegedly failed to represent plaintiff as to "termination pay, disability, unemployment laws, nondiscrimination laws and leave of absent [sic] laws." EEOC Charge at 2.

---

[1] Plaintiff is an African American.

5

Second, for substantially the same reasons just discussed, plaintiff has shown "some indication that the union's actions were motivated by unlawful discrimination or retaliation." Oparji, at 146. Although plaintiff's allegations of discriminatory intent may be lacking in specificity, no more is required at the 12(b)(6) stage. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002) (holding plaintiff adequately pled Title VII violation even when plaintiff had not set forth circumstances supporting an inference of discrimination, but where "complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination."); see also Phillip v. Univ. of Rochester, 316 F.3d 291, 298 (2d Cir. 2003) ("It is true that plaintiffs plead few facts relevant to discriminatory intent. Nevertheless, we believe that their allegations are sufficient under the liberal standards applicable to Rule 12(b)(6) motions. Plaintiffs allege that they are African-Americans, describe defendants' actions in detail, and allege that defendants selected them for maltreatment 'solely because of their color.'") (citing Swierkiewicz).

For the foregoing reasons, defendant's motion to dismiss plaintiff's Title VII claim is DENIED.

B. Plaintiff's ADA Claim is Time-Barred

Although plaintiff's Title VII claim survives, the EEOC Charge supports the Court's conclusion in Brown I that plaintiff failed to exhaust his administrative remedies under the ADA. While the box next to "Disability" in the "Discrimination Based On" section of the EEOC form is checked off, it is well-settled that "it is the substance of the charge and not its label that controls." Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003) (quoting Alonzo v. Chase Manhattan Bank, N.A., 25 F.Supp.2d 455, 458 (S.D.N.Y. 1998)); see, e.g., Holmes v. BJ's Wholesale Club, No. 5:08-CV-00266 (NPM/GHL), 2009 WL 303750, at *3 (N.D.N.Y. Feb. 6,

2009) (excusing failure to check box for "age discrimination" where EEOC was on notice that plaintiff was alleging age discrimination); Young v. U.S. Dept. of Homeland Security, No. 10 Civ. 9571(RJS), 2011 WL 6057849, at *3 (S.D.N.Y. Dec. 5, 2011) (Sullivan, J.) ("While Plaintiff's failure to check the boxes on his [EEOC] form for age and disability discrimination alone is not fatal to excusing his failure to exhaust those claims, the total absence of allegations supporting either claim is."). Here, the utter lack of disability-related substance included in plaintiff's EEOC charge made it impossible for the EEOC to investigate any claims of disability discrimination. See Butts, 990 F.2d at 1403 (holding that part of plaintiff's claim was not exhausted where "the allegation [in the charge] was insufficiently specific to enable the EEOC to investigate it."). Accordingly, I cannot excuse plaintiff's failure to exhaust his claims under the ADA. Defendant's motion to dismiss the ADA claim for failure to exhaust is, therefore, GRANTED.

## II. CONCLUSION

For the reasons set forth above, plaintiff's ADA claim is DISMISSED with prejudice. Defendant's motion to dismiss plaintiff's Title VII claim is DENIED. The Court's decision in Brown I is vacated to the extent that it is inconsistent with this ruling.

SO ORDERED.

Dated: Brooklyn, New York
February /3, 2012

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge